UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LADARIUS VENICE COOK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV1911 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Movant Ladarius Venice Cook brings this case under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. Cook was sentenced to twenty years imprisonment following his conviction by a jury of one count of possession with intent to distribute more than five grams of cocaine base and one count of being a felon in possession of a firearm. Criminal Case No. 4:05CR258 CDP. His conviction and sentence were affirmed on appeal. *United States v. Cook*, 311 F. App'x 936 (8th Cir. 2009).

As grounds for his § 2255 motion, Cook raises claims of erroneous evidentiary rulings, unconstitutional sentencing as an armed career criminal, and ineffective assistance of counsel. The record affirmatively refutes Cook's claims, however, so I will deny the motion without a hearing.

## I.     **Background**

On April 15, 2005, St. Louis Metropolitan Police officers executed a search

warrant at 108 Glen Garry, where Cook occasionally resided with his girlfriend.

The affidavit supporting the search warrant stated that a confidential informant

provided information that Cook was distributing crack cocaine from the residence.

After reviewing that report, the officers conducted surveillance and saw Cook

engage in hand-to-hand transactions in parking lots near the house on four separate

occasions.  Because this behavior was indicative of drug dealing, the officers

obtained the search warrant.

Upon entering the basement bedroom where Cook and his girlfriend usually

slept, detectives found several items in the night stand next to the bed.  These items

included approximately ten grams of cocaine base in two separate packages,

approximately ten grams of powder cocaine in four separate packages, and a

loaded .32 caliber firearm.  They also found mail addressed to Cook at that

address.

On May 11, 2005, a federal grand jury returned a one-count indictment

against Cook for possession with intent to distribute more than five grams of

cocaine base.  On May 19, 2005, the same grand jury returned a superseding three-

count indictment against Cook, adding Count 2 for possession of a firearm in

furtherance of a drug-trafficking crime and Count 3 for being a felon in possession of a firearm.

On June 14, 2005, Cook filed a motion to suppress the physical evidence, claiming that the search was invalid because the warrant was not supported by probable cause. He alleged that four statements in the affidavit underlying the warrant were untrue. The magistrate judge granted Cook time to file a motion for a *Franks* hearing, which he did on July 1, 2005. After full briefing on these claims, the magistrate judge issued its Report and Recommendation on July 29, 2005, recommending that I deny the motion to suppress and the motion for a *Franks* hearing. I adopted that Report and Recommendation.

The trial was set to begin on October 5, 2005. The government filed a motion in limine to admit evidence of Cook's prior drug convictions, and Cook filed a motion to prevent admission of the same evidence. I granted Cook's motion and denied the government's motion, so the government filed a notice of interlocutory appeal on October 5, 2005, and the trial did not go forward.

The parties briefed these issues and presented oral arguments to the Eighth Circuit Court of Appeals. The appellate court issued its decision in July 2006, finding no abuse of discretion in the exclusion of the 404(b) evidence. *United States v. Cook*, 454 F.3d 938 (8th Cir. 2006). Language in the opinion, however, explained that the affirmance was only because the government had offered all of

the prior convictions as a package, rather than offering them individually, and had planned to admit the actual police reports into evidence.  *Id.* at 942.  Jurisdiction returned to this Court and I set the case for trial on April 2, 2007.

Before trial, the government again filed a motion in limine to offer 404(b) evidence.  This time, it sought separately to show the three prior convictions by introducing the certified copies of conviction instead of the police reports.  Because the Court of Appeals had indicated that this would be an appropriate way to introduce the 404(b) evidence, I granted the motion in limine and allowed the evidence to be presented at trial.

On the first day of trial, the government filed a motion in limine to exclude any references to a scandal involving police officers' wrongly allowing people to use World Series baseball tickets that had been seized from scalpers.  The story was developing at the time of trial, and very little was then known about the scope of the scandal.  I granted the government's motion to exclude the evidence.  Thereafter, the trial began, and the presentation of evidence concluded on April 4, 2007.

The jury found Cook guilty on April 5, 2007, of two counts: possession with intent to distribute more than five grams of cocaine base and being a felon in possession of a firearm.  Because he had several prior convictions for drug offenses and a violent felony conviction, Cook qualified for sentencing under the Armed

Career Criminal Act ("ACCA") and for status under the Sentencing Guidelines as a career offender.  His guidelines sentencing range was 360 months to life imprisonment.  I sentenced him to twenty years imprisonment, followed by an eight-year term of supervised release.

Cook filed an appeal to the Eighth Circuit Court of Appeals, alleging that this court erred in four ways: by permitting the government to present evidence of his prior convictions; by allowing the government to cross-examine him regarding the details of his prior convictions; by refusing to allow defense counsel to impeach police officers about the World Series ticket scandal; and by denying his motion for a *Franks* hearing.  The Eighth Circuit denied all four grounds and affirmed Cook's conviction.  *United States v. Cook*, 311 F. App'x 936 (8th Cir. 2009).  Cook filed an application for a writ of certiorari with the United States Supreme Court, which was denied on October 5, 2009.  *Cook v. United States*, 130 S. Ct. 230 (2009).  On October 7, 2010, Cook filed this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

## II.    Grounds Raised in § 2255 Motion

Cook raises six grounds for relief in his § 2255 motion:

1.    The court erred in relying on Eighth Circuit guidance rather than its own Rule 403 balancing test in deciding whether to admit Rule 404(b) evidence of Cook's prior drug convictions;

2.    The court erred in allowing the government to cross-examine Cook regarding the details of his prior convictions;

3.   Cook's Fifth and Sixth Amendment rights were denied by the court's refusal to allow him to cross-examine the testifying officers about their involvement in the World Series baseball ticket scandal;

4.   The court erred in sentencing Cook as an armed career criminal;

5.   Cook received ineffective assistance of counsel in the following five ways:

   a.   Defense counsel failed to investigate whether Cook's prior convictions were constitutional;

   b.   Defense counsel failed to object to officers' testimony about statements that Cook allegedly made to them;

   c.   Defense counsel failed to obtain a *Franks* hearing after a preliminary showing of falsehood in the affidavit underlying the search warrant;

   d.   Defense counsel failed to call a key witness to testify;

   e.   Defense counsel failed to properly prepare Cook to testify in his defense.

6.   Cook's trial proceedings violated the provisions of the Speedy Trial Act.

## III.   <u>Discussion</u>

I will not hold an evidentiary hearing on this motion.  "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and the records of the case conclusively show that [he] is entitled to no relief."  *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks and citation omitted).  "No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual

assertions upon which it is based." *Id.* (internal quotation marks and citation

omitted).  Here, as discussed in more detail below, I find that Cook's claims are

either inadequate or affirmatively refuted by the records and files before me, and I

conclude that no evidentiary hearing is required.

> A.    *Timeliness of Motion*

As an initial matter, I must determine whether Cook's § 2255 motion has

been timely filed.  In order to be timely, a § 2255 motion must be filed within one

year of the date on which the judgment of conviction becomes final.  28 U.S.C. §

2255(f)(1).  Cook appealed the conviction and sentence to the Eighth Circuit Court

of Appeals and later filed a petition for a writ of certiorari in the Supreme Court.

That petition was denied on October 5, 2009.  Thus, Cook had until October 5,

2010, to file his § 2255 petition.

Cook's motion was received by the Court on October 7, 2010, two days after

the one-year time period to file his motion had expired.  However, Cook's motion

is saved by virtue of the "prison mailbox rule" pursuant to Rule 4(c) of the Federal

Rules of Appellate Procedure.

The prison mailbox rule applies to § 2255 motions.  *Grady v. United States*,

269 F.3d 913, 916 (8th Cir. 2001).  To be timely under the rule, Cook must have

deposited his § 2255 motion in the prison mail system within the statute of

limitations.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (time of filing is time

at which prisoner delivers document to prison authorities to send to court clerk). At the end of his pro se motion, Cook declares under penalty of perjury that he delivered his motion to the prison mail room on October 4, 2010, within the § 2255 statute of limitations.  Since there is no evidence contradicting this statement, I find that Cook's original motion was timely filed.

On July 18, 2011, however, Cook filed another document with the Court entitled "Amendment to Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255," which contained his sixth ground for relief.  That ground argues that the proceedings in his case violated the Speedy Trial Act, 18 U.S.C. § 3161.  This motion was filed outside of the one-year time limit for § 2255 motions. Because this claim is untimely, this court may not consider it unless it relates back to the earlier, timely filed motion.  Fed. R. Civ. P. 15(c)(2); *see United States v. Hernandez*, 436 F.3d 851, 856-57 (8th Cir. 2006) (holding that Rule 15(c)(2) applies to § 2255 proceedings).  A claim "relates back when it arises out of the same 'conduct, transaction, or occurrence' as the original claim."  Fed. R. Civ. P. 15(c)(2).  The Supreme Court has interpreted this rule to mean that "[i]n order for the claims in an amended motion to relate back, . . . they must be of the same 'time and type' as those in the original motion, such that they arise from the same core set of operative facts."  *Hernandez*, 436 F.3d at 857 (quoting *Mayle v. Felix*, 545 U.S. 644, 657, 664(2005)).

- 8 -

In this case, Cook's sixth claim does not relate back to his original, timely filed § 2255 motion.  His claim that his trial did not conform with the Speedy Trial Act does not arise from any facts forming the basis for any of his other claims of error or ineffectiveness of counsel.  Therefore, his sixth ground for relief was not timely filed, and I may not consider it as part of his § 2255 motion.

### B.      Procedural Bar: Grounds 1, 2, and 3

"It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003) (internal quotation marks and citation omitted); *see also Thompson v. United States*, 7 F.3d 1377, 1379 (8th Cir. 1993) (citing *United States v. Holtzen*, 718 F.2d 876, 878 (8th Cir. 1983)).  Here, Grounds 1, 2, and 3 of Cook's § 2255 motion were rejected by the Eighth Circuit on direct appeal and cannot be relitigated here.

In Ground 1, Cook argues that I erred in allowing evidence of his prior drug convictions as Rule 404(b) evidence.  He bases his argument on the fact that I followed guidance from the Eighth Circuit after the interlocutory appeal in this case, rather than implementing the ruling from my earlier analysis under the Rule 403 balancing test.  On appeal, the Eighth Circuit rejected Cook's argument in Ground 1 as follows:

> [T]he court did not abuse its discretion in allowing the government to
> present at trial evidence of some of Cook's prior convictions, because

it was within the court's discretion to determine that these convictions were not too remote in time and were relevant to matters concerning Cook's knowledge and intent.  *See* Fed. R. Evid. 404(b) (evidence of other crimes is not admissible to prove character of person in order to show action in conformity therewith; it may, however, be admissible to prove, inter alia, opportunity, intent, knowledge, and absence of mistake or accident); *United States v. Lucas*, 521 F.3d 861, 865 (8th Cir. 2008) (standard of review); *United States v. Foster*, 344 F.3d 799, 801-02 (8th Cir. 2003) (defendant's denial of any wrongdoing allowed admission of prior criminal convictions to prove both knowledge and intent; government needed to prove that defendant possessed drugs found by police, and part of that burden required showing that defendant knew drugs were present and had intent to exercise control over them; 1993 conviction was not so remote in time as to be inadmissible at trial in 2002; danger of unfair prejudice did not outweigh probative value of evidence).

*Cook*, 311 F. App'x at 938.

Ground 2 of Cook's motion argues that I erred in allowing the government to cross-examine him regarding the details of his prior convictions.  He argues that this questioning misled the jury and placed undue emphasis on his prior convictions.  The Eighth Circuit also rejected this argument as follows:

[T]he court did not abuse its discretion in allowing the government to cross-examine Cook regarding his prior convictions, because Cook had already testified about the convictions on direct examination.  *See* Fed. R. Evid. 611(b) (cross-examination should be limited to subject matter of direct examination and matters affecting credibility of witness; court may, in its discretion, permit inquiry into additional matters as if on direct examination) . . . .

*Cook*, 311 F. App'x at 938.

In Ground 3, Cook argues that I erred in excluding evidence regarding officers allegedly involved in the World Series baseball ticket scandal.  He

contends that it constituted proper impeachment evidence, and its exclusion

therefore prevented him from presenting his theory of defense.  The Eighth Circuit

also rejected this argument as follows:

> [T]he court did not abuse its discretion in granting the government's
> motion in limine to exclude evidence regarding allegations – which
> were inchoate at the time of Cook's trial – of unrelated wrongdoing by
> a police officer who had been involved in the investigation of Cook
> and the search that led to Cook's arrest.  *See* Fed. R. Evid. 403
> (although relevant, evidence may be excluded if, inter alia, its
> probative value is substantially outweighed by danger of unfair
> prejudice, confusion of issues, or misleading jury); *cf. United States v.
> Beal*, 430 F.3d 950, 956 (8th Cir. 2005) (court may exclude evidence
> under principles set forth in Fed. R. Evid. 403 even if evidence is
> admissible for purpose of impeachment).

*Cook*, 311 F. App'x at 938.

Because Grounds 1, 2, and 3 have already been litigated by Cook and

rejected by the Eighth Circuit, those grounds are procedurally barred and may not

provide a basis for relief under 28 U.S.C. § 2255.

### C.    *Procedural Default: Ground 4*

"[A] collateral challenge may not do service for an appeal."  *United States v.

Frady*, 456 U.S. 152, 165 (1982).  "[N]ormally a collateral attack should not be

entertained if defendant failed, for no good reason, to use another available avenue

of relief."  *Poor Thunder v. United States*, 810 F.2d 817, 823 (8th Cir. 1987)

(internal citation omitted).  Cook's Ground 4 – that he should not have been

sentenced as a career offender – was not raised on appeal.  If a claim could have

been raised on direct appeal but was not, it cannot be raised in a § 2255 motion unless the movant can show both (1) a "cause" that excuses the default, and (2) "actual prejudice" resulting from the errors of which he complains.  *See Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993); *Mathews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997).

A movant can also avoid procedural default by demonstrating actual innocence.  *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, a § 2255 movant must show either cause and actual prejudice, or that he is actually innocent.") (internal quotation marks and citations omitted).  Actual innocence is a strict standard that generally cannot be met "where the evidence is sufficient to support a conviction on the charged offense." *Id.* (internal quotation marks and citation omitted).

In his motion, Cook does not make a showing of actual innocence.  Rather, he claims that the "cause" for his procedural default was ineffective assistance of counsel.  The "cause and prejudice" that must be shown to consider a procedurally defaulted claim may include ineffective assistance of counsel.  *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005).  "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) (citing *United States v. Frady*, 456 U.S. 152, 170

(1981)). Because Cook asserts a claim of ineffective assistance of counsel, I will consider the merits of this ground that would otherwise be procedurally barred.

Cook's first argument is that he should not have been sentenced as an armed career criminal because the underlying convictions were defective. "[T]he Supreme Court has made clear that the proper forum in which to attack state convictions . . . is a state court, not a federal one." *United States v. Martinez-Cortez*, 354 F.3d 830, 833-34 (8th Cir. 2004). A federal sentencing proceeding invoking 18 U.S.C. § 924(e) is not a proper forum for challenging facially valid prior convictions.[1] *Daniels v. United States*, 532 U.S. 374, 382 (2001) (citing *Custis v. United States*, 511 U.S. 485, 497 (1994)) ("[I]f, by the time of sentencing under the ACCA, a prior conviction has not been set aside on direct or collateral review, that conviction is presumptively valid and may be used to enhance the federal sentence."). Accordingly, the "presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255." *Daniels v. United States*, 532 U.S. 374, 382 (2001). Because Cook seeks to challenge his facially valid prior convictions, his first argument in Ground 4 fails on the merits.

---

[1]The only exception to this rule applies when the prior conviction was obtained in violation of the right to counsel, which Cook does not invoke in his motion. *Custis*, 511 U.S. at 496.

Cook's second assertion is that I erred in counting his previous convictions as separate offenses.  It is unclear whether he challenges the determination that he qualified as an armed career criminal under the ACCA or that he was classified as a career offender under the Sentencing Guidelines.  Under either argument, Cook's second assertion fails on the merits.

At the time of sentencing, Cook had eight prior qualifying convictions for drug offenses or violent felonies under the ACCA.[2]  Those eight convictions encompassed actions that were taken on six different dates.  The ACCA mandates a minimum fifteen-year prison sentence for a defendant who "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e).  The Eighth Circuit has "repeatedly held that convictions for separate drug transactions on separate days are multiple ACCA predicate offenses, even if the transactions were sales to the same victim or informant."  *United States v. Van*, 543 F.3d 963, 966 (8th Cir. 2008) (citing *United States v. Mason*, 440 F.3d 1056, 1058 (8th Cir. 2006)).  Although Cook was sentenced for all eight prior convictions on the same day, they

---

[2]Cook was sentenced in Missouri state court on April 13, 1998, for eight offenses: (1) delivery of a controlled substance on September 25, 1996; (2) delivery of a controlled substance on October 3, 1996; (3) delivery of a controlled substance on October 24, 1996; (4) possession with intent to deliver a controlled substance on May 29, 1997; (5) delivery of a controlled substance on July 15, 1997; (6) possession with intent to distribute a controlled substance on July 15, 1997; (7) possession of a controlled substance on July 15, 1997; and (8) first-degree burglary on July 25, 1997.  Cook also had a 1999 misdemeanor conviction for possession of marijuana, but I excluded that conviction for sentencing purposes because it was unclear whether Cook had counsel for those proceedings.

arose out of incidents on six different dates, which easily qualifies him for sentencing under the ACCA.  Therefore, Cook's claim that he was improperly sentenced under the ACCA is without merit.

Alternatively, Cook may be challenging the determination of his status as a career offender under the Sentencing Guidelines.  A defendant may be classified as a career offender if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. § 4B1.1(a).  At the time of Cook's sentencing, the Sentencing Guidelines provided that "[p]rior sentences imposed in unrelated cases are to be counted separately."  U.S.S.G. § 4A1.2(a)(2) (2006).[3]  The commentary further explained:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest . . . .  Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

U.S.S.G. § 4A1.2 cmt. 3.  In Cook's case, there were intervening arrests after the three 1996 crimes, after the May 1997 crime, and after the three July 15, 1997 crimes.  Cook is therefore left with four distinct sets of crimes, separated by

---

[3]This section was amended in 2007.  It now reads as follows:  "Prior sentences are always counted separately if the sentences were imposed for offenses that were separated by an intervening arrest . . . .  If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day."  U.S.S.G. § 4A1.2(a)(2).

intervening arrests.[4]  This is sufficient to qualify for status as a career offender under the Sentencing Guidelines.

Even without the intervening arrests, Cook's prior convictions would not be related cases.  The crimes did not occur on the same occasion, as they occurred over six different dates.  They were not part of a common scheme or plan.  "A 'common scheme or plan' implies that the crimes were jointly planned, or at least that the offender intended that the second would be committed as a consequence of the first."  *United States v. McCracken*, 487 F.3d 1125, 1127.  "[A] single common scheme or plan involves something more than simply a repeated pattern of conduct."  *United States v. Davidson*, 437 F.3d 737, 740 (8th Cir. 2006) (quoting *United States v. Maza*, 93 F.3d 1390, 1400 (8th Cir. 1996)).  There is not any evidence that Cook's charges constituted anything more than "simply a repeated pattern of conduct."  Finally, they were not consolidated for trial or sentencing because there was not a formal consolidation by the state court, *see United States v. Davidson*, 437 F.3d 737, 740 (8th Cir. 2006), demonstrated by the fact that separate sentences were issued in four different case numbers.   Therefore, Cook's claim that he was not properly sentenced as a career offender is likewise without merit and fails.

---

[4]The first set includes the three 1996 crimes for delivery of a controlled substance.  The second conviction is the May 1997 conviction for possession with intent to deliver a controlled substance.  The third set includes the three crimes that occurred on July 15, 1997.  The fourth conviction is the July 25, 1997 first-degree burglary charge.

Cook's final argument in Ground 4 is that his previous convictions could no longer be used to enhance his sentence because he finished completing his sentences for those crimes.  He claims that enhancing his sentence on the basis of earlier convictions violates the Double Jeopardy Clause of the Fifth Amendment.[5] "It is well-settled that the use of a defendant's prior convictions to establish his status as a convicted felon . . . does not constitute a second conviction and punishment for double jeopardy purposes."[6] *United States v. Bates*, 77 F.3d 1101, 1106 (8th Cir. 1996) (citation omitted).  The Eighth Circuit "has similarly rejected the idea that the use of a defendant's prior convictions to enhance his sentence subjects him to a second conviction or punishment for the same offenses." *Id.* (citations omitted).  Because Cook's second argument relies on arguments that have been specifically rejected by the Eighth Circuit, it also fails on the merits.

### D.   *Ineffective Assistance of Counsel:  Ground 5*

The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  To state a claim for ineffective assistance of counsel, Cook must prove

---

[5] Cook actually cites the Full Faith and Credit Clause of Article IV of the Constitution, but his argument appears to rely entirely on the Double Jeopardy Clause.

[6] In *Bates*, the Eighth Circuit referred specifically to 18 U.S.C. § 922(g)(1), but the precedent is relevant here because the appellant challenged "the constitutionality of using his prior felony convictions both to establish his substantive offense under § 922(g)(1) and to enhance his sentence under § 924(e)(1)." *Bates*, 77 F.3d at 1106.

two elements of the claim.  First, he "must show that counsel's performance was
deficient. This requires showing that counsel made errors so serious that counsel
was not functioning as the counsel guaranteed the defendant by the Sixth
Amendment." *Id*. at 687.  In considering whether this showing has been
accomplished, "judicial scrutiny of counsel's performance must be highly
deferential."  *Id*. at 689.  The courts seek to "eliminate the distorting effects of
hindsight" by examining counsel's performance from counsel's perspective at the
time of the alleged error.  *Id*.  Second, Cook "must show that the deficient
performance prejudiced the defense."  *Id*. at 687.  This requires him to demonstrate
"a reasonable probability that, but for counsel's unprofessional errors, the result of
the proceeding would have been different."  *Id*. at 694.  "The court need not
address both components if the movant makes an insufficient showing on one of
the prongs."  *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995).  As a
matter of law, counsel cannot be ineffective for failing to make a meritless
argument.  *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994).

> 1.    *Failure to Investigate the Constitutionality of Cook's Prior*
> *Convictions*

Cook first asserts that his lawyers were ineffective for failing to investigate
the constitutionality of his prior convictions.  He contends that if counsel had done
so, he would not have been sentenced as an armed career criminal.  The record
clearly refutes this claim of counsel's deficient performance.  Cook's counsel filed

a sentencing memorandum arguing against counting his convictions separately, and his arguments demonstrated a thorough knowledge of the circumstances surrounding the prior convictions.  And, as stated above, the proper forum for challenging those convictions was the state appellate system.  Therefore, because Cook's lawyers were not deficient in their performance, and because Cook has not been prejudiced in any way by this alleged error, Cook's first claim of ineffective assistance of counsel fails on its merits.

### 2.   *Failure to Object to Officers' Testimony*

Cook next argues that counsel were ineffective for failing to object to officers' testimony about statements that he allegedly made to them.  The basis for his argument appears to be that because there was no audio or video support for these statements, they were inadmissible.  That is not the law.  Any statements made by Cook would have been properly admissible under the rules of evidence as admissions by a party-opponent.  *See* Fed. R. Evid. 801(d)(2)(A).  "No guarantee of trustworthiness is required in the case of an admission."  *United States v. Porter*, 544 F.2d 936, 938 (8th Cir. 1976).  Therefore, Cook is incorrect in arguing that corroboration for his statements was necessary, and the evidence was properly admissible.  The Eighth Circuit has held that the "'performance of an attorney is not deficient for failure to object to admissible evidence.'" *Anderson v. Goeke*, 44 F.3d 675, 680 (8th Cir. 1995) (citing *Russell v. Jones*, 886 F.2d 149, 152 (8th Cir.

1989)).  Because I conclude that the evidence was admissible, counsel's

performance was not deficient, so this claim of ineffective assistance of counsel

fails.

### 3.     Failure to Obtain a Franks Hearing

Cook's next assertion is that his counsel were ineffective for failing to obtain

a *Franks* hearing to challenge the affidavit underlying the search warrant.  "[T]he

Fourth Amendment entitles a defendant to an evidentiary hearing about the

veracity of a search warrant affidavit if the defendant can make a 'substantial

preliminary showing' that the affiant intentionally or recklessly included a false

statement in the affidavit," which "must be 'necessary to the finding of probable

cause.'" *United States v. Hull*, 419 F.3d 762, 770-71 (8th Cir. 2005) (quoting

*Franks v. Delaware*, 438 U.S. 154, 155-56 (1978)) (citation omitted).

In pretrial proceedings before the magistrate judge, Cook's counsel did file

motions to suppress evidence and a motion for a *Franks* hearing, alleging that four

statements in the search warrant affidavit were untrue.  The government addressed

each of these alleged false statements in its own motion opposing the *Franks*

hearing.  After considering both parties' arguments, the magistrate court issued her

Report and Recommendation, recommending that I deny the motions to suppress

and the motion for a *Franks* hearing.  I adopted that Report and Recommendation,

stating:

> Neither the evidence at the hearing nor the arguments raised and evidence submitted in defendant's request for a *Franks* hearing justify a hearing or call into question the issue of probable cause for issuance of the search warrant.  Defendant has failed to provide any evidence that shows that any law enforcement officer deliberately or recklessly provided false information in the warrant application.

Mem. & Order 2, Sept. 14, 2005 (citations omitted).  Cook raised this issue on direct appeal, and the Eighth Circuit upheld the denial of a *Franks* hearing:

> We initially conclude that the district court did not abuse its discretion in denying Cook's motion for a *Franks* hearing, because the challenged statements contained in a search-warrant application either were not false or were unintentionally incorrect and, in any event, not necessary to the finding of probable cause.

*Cook*, 311 F. App'x at 937-38 (citation omitted).

Cook fails to explain what additional actions his counsel should have taken in order to obtain a *Franks* hearing.  They filed a motion for a *Franks* hearing, and Cook does not describe any additional allegations that they could have raised in that motion.  Additionally, the issue of a *Franks* hearing was raised in three separate courts, all of which decided that it was not warranted on the facts presented in this case.  Because Cook has not demonstrated that his counsel's performance was deficient in any way in this allegation, his claim fails on the first *Strickland* prong.

### 4.    *Failure to Call Lynda Jenkins as a Witness*

Cook claims that his counsel was ineffective because they failed to call Lynda Jenkins to testify.  In his petition, Cook raises a broad claim that Jenkins

"could have supported the movant's theory of defense due to her knowledge of these officers and their actions in this and a prior situation."  One of Cook's trial attorneys, John Rogers, provided an affidavit saying that he interviewed Jenkins and informed Cook that "[s]ome of the information she relayed to [Rogers] was inconsistent with her Grand Jury testimony."

"The decision not to call a witness is a 'virtually unchallengeable' decision of trial strategy . . . ." *United States v. Staples*, 410 F.3d 484, 488 (8th Cir. 2005) (citations omitted); *see also Bowman v. Gammon*, 85 F.3d 1339, 1345 (8th Cir. 1996) (nothing that under *Strickland*, "decisions related to trial strategy are virtually unchallengeable").  To establish prejudice from counsel's failure to call certain witnesses, "a petitioner ordinarily must show not only that the testimony of uncalled witnesses would have been favorable, but also that those witnesses would have testified at trial." *Lawrence v. Armontrout*, 900 F.2d 127, 130 (8th Cir. 1990).  There can be no showing of prejudice in the habeas context without evidentiary proof as to what the witnesses' testimony would have been.  *See Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989).

Cook has not submitted an affidavit from Jenkins or provided any detailed explanation as to the content of her testimony.  As a result, Cook's allegations are mere speculation and he cannot establish either that counsel was ineffective for failing to call Jenkins, or that he was prejudiced as a result.

Further, trial counsel did not perform deficiently in failing to call Jenkins to testify.  The record shows that trial counsel investigated the possibility of having Jenkins testify on Cook's behalf.  Because Jenkins's trial testimony would have been inconsistent with her testimony in front of the Grand Jury, her credibility would have been impeached by the prosecution.  The Eighth Circuit has explained that "there is considerable risk inherent in calling any witness because if the witness does not hold up well on cross-examination, the jurors might draw unfavorable inferences against the party who called him or her."  *Staples*, 410 F.3d at 489.  As Jenkins would have faced a vigorous cross-examination, there is a definite possibility that she would not have held up well as a witness.

In light of Cook's failure to establish the nature of Jenkins's testimony, the strongly deferential presumption in favor of an attorney's trial strategy, the probability of Jenkins's impeachment on cross-examination, and the risk inherent in calling any witness, I conclude that Cook's attorney did not perform in an objectively unreasonable manner by deciding not to call Jenkins as a witness.  Because Cook's attorney's performance was not unreasonable, I need not address the question of whether his performance prejudiced Cook's defense.

I will also deny Cook's motion to compel the production of grand jury transcripts for the reasons mentioned above.  Even if Cook views the grand jury transcripts and believes that Jenkins's statements would not have been as damaging

- 23 -

as his attorneys anticipated, their strategic decision not to call her still may not be challenged.

### 5.    *Failure to Prepare Cook for his Testimony*

Cook's final assertion regarding his representation by counsel is that his trial counsel failed to adequately prepare him for his testimony, despite his reluctance to testify in the first place.  This claim is clearly refuted by Cook's statements during the trial itself, in which he affirmed that he wished to testify and that he had adequately consulted with his counsel about that decision:

> THE COURT:  Okay. We're ready to proceed.  Before we bring in the jury though, Mr. Cook, I just want to make sure you understand that you are not required to testify in this trial.  You have a right not to testify both as a privilege against self-incrimination, and because there is no burden on you in a criminal case to present any evidence or testify.  You understand that it's your right not to testify, but     you are choosing to testify, is that correct?
>
> THE DEFENDANT:  Yes, ma'am.
>
> THE COURT:  And you understand that you don't have to.
>
> THE DEFENDANT:  Yes, ma'am.
>
> THE COURT:  Have you had enough time to talk about this to your lawyers?
>
> THE DEFENDANT:  Yes, ma'am.

Furthermore, Cook's trial counsel confirmed Cook's desire to testify and stated that he was adequately prepared to do so in his affidavit: "I recommended that LaDarius Cook not testify at trial in his defense.  He had numerous prior drug

related convictions that were used to impeach him in detail.  He ignored my advice. I went over his testimony with him in great detail prior to his taking the stand." Because I conclude that trial counsel's performance in preparing Cook to testify was not unreasonable, this final claim also fails.

## IV.   Certificate of Appealability

None of Cook's claims merits relief.  Because he has not made a substantial showing of the denial of a federal constitutional right, I will not issue a certificate of appealability.  *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that Ladarius Cook's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [#1] and his amendment to that motion [#22] are DENIED.

**IT IS FURTHER ORDERED** that Ladarius Cook's motion to compel the production of grand jury transcripts [#14] is DENIED.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability, as Cook has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 5th day of December, 2011.